UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TRAVIS HENDERSON | * | CIVIL ACTION NO:   DIV: |
| | * | JUDGE |
| v. | * | |
| | * | MAGISTRATE JUDGE |
| SGT. FRANK ROBINSON | * | |

*****************************************************************************

**COMPLAINT FOR DAMAGES/GUARD ASSAULTS INMATE WITH BROOM**

NOW INTO COURT, through undersigned counsel, comes **TRAVIS HENDERSON** for all injuries incurred as a result of the actions of defendants in deliberate indifference to constitutional rights or other causes as follows:

1.

**JURISDICTION**

The jurisdiction of this Honorable Court is invoked Pursuant to 28 USC § 1331 "Federal Question" and accordingly plaintiff specifically seeks relief pursuant to the 28 USC § 1983, et seq., for injuries, damages and other losses as well as supplemental jurisdiction pursuant to 28 USC § 1367 over all state law claims.

2.

**VENUE**

Venue is proper pursuant to 28 USC § 1391 (b)(D(2) in that the Plaintiff and Defendants reside and were located in West Feliciana Parish at the time of the incident and the events or omissions giving rise to the claims herein occurred at LSP which is within this judicial district.

3.

**EXHAUSTION**

The incident took place on June 22, 2016. Administrative Remedies were exhausted through Second Step issued in LSP-2016-0350 on June 27, 2016, where the incident was acknowledged and the guard was terminated; however, no compensation was offered.

4.

Parties

**PLAINTIFF:**

**TRAVIS HENDERSON** is a major who is currently incarcerated in the Louisiana State Penitentiary, DOC #417538, where he was attacked and injured.

**DEFENDANTS:**

**SERGEANT FRANK ROBINSON**, is a major sued in his individual capacity, who was employed by the LOUISIANA STATE PENITENTIARY and who was acting within the course and scope of his employment during all material times herein and under the color of state law, who was terminated and whose present whereabouts are unknown.

5.

GENERAL ALLEGATIONS

On January 24, 2016, TRAVIS HENDERSON was a DOC inmate housed at the LSP.

6.

On January 24, 2016, around 11:00 p.m., TRAVIS HENDERSON was with cellmate Chris Brown in the Main Prison Cell Block D, Administrative Segregation, Cell 14. A dispute arose with Sgt. Frank Robinson when it was time to take a shower.

7.

Sgt. Robinson entered the Tier and saw where someone had thrown newspaper and water in the Tier hallway in front of cell #14. Sgt. Robinson stated, "you two ain't getting no shower." TRAVIS HENDERSON and Chris Brown requested to see rank, which request was denied.

8.

Lt. Green was in the area and asked who had thrown the water in the hall. TRAVIS HENDERSON took the blame and explained that Sgt. Robinson was denying them a

shower and that he was trying to get rank to come. Lt. Green offered TRAVIS HENDERSON and Chris Brown a shower, which SERGEANT ROBINSON overheard.

9.

SERGEANT FRANK ROBINSON then made a round on the Tier, "Punched the clock" and came to the cell and in the presence of Lt. Green, he stated, "You two wait til tomorrow. I'm gonna show y'all something for real." TRAVIS HENDERSON replied "Why do you have to wait til tomorrow?" Sgt. Robinson became angry and walked off the Tier grabbed a broom and returned to the Tier walked down the Tier and then began striking TRAVIS HENDERSON with the broom about the head and neck.

10.

Another correctional officer, Lt. Green, had to wrestle with Sgt. Robinson to stop him. Sgt. Robinson continued to strike TRAVIS HENDERSON. Other guards arrived and restrained Sgt. Robinson. Sgt. Robinson made wild threats at all inmates.

11.

TRAVIS HENDERSON experienced head injuries, bruising to the head and face and dizzy spells.

12.

Multiple photos were taken of the injuries.

13.

The Constitution, statutes, rules and regulations enacted to protect inmates were disregarded.

14.

La. R.S. 15:829, which allows the Secretary of the Louisiana Department of Public Safety and Corrections to enact rules and regulations governing inmates and guards, provides that corporal punishment of inmates is forbidden. See also, LAC 22:3309 (B) and see Department Regulation No. c-02-006 (6)(b)(c)(d).

A. The secretary of the Department of Public safety and Corrections shall prescribe rules and regulations for the maintenance of good order and discipline for inmates sentenced to the legal custody of the department whether housed in local or state facilities, which rules and regulations shall include procedures for dealing with violations thereof. A copy of such rules and regulations shall be furnished each inmate. **Corporal punishment is prohibited.**

15.

Violation of a state statute evidences unreasonable conduct.

16.

In the alternative, whether the guard may have committed the same acts on other inmates is unknown at this time, but where same may be shown, or where ratification of the actions of guards may be shown, or violation of or failure to implement any applicable policies or procedures, there may be other persons at fault where same constitutes a deliberate indifference to the constitutional rights of a detainee.

17.

Use of force was unnecessary and excessive to any need and/or there was no need for use of force under the 4th and 8th Amendments and the circumstances presented and in violation of LSP and DOC directives and use of force policy.

18.

The following claims for relief are pled collectively and in the alternative.

19.

**FIRST CLAIM FOR RELIEF**

SECTION 1983 VIOLATION OF CIVIL RIGHTS

Plaintiffs seek relief pursuant to 42 U.S.C. § 1983.

Under the color of State and local law, Defendants violated the Plaintiff's 8th Amendment right to be free from use of corporal punishment, unnecessary and/or excessive force while being seized and/or detained by the Defendant.

20.

Guards are prohibited by state law from using corporal punishment on prisoners. La. R.S. 15:829.

21.

Use of corporal punishment was prohibited and/or force was unnecessary and/or excessive to any need and/or there was no need for use of force under the 4th or 8th Amendment and the circumstances presented.

22.

The Defendant violated multiple state laws and rules and regulations.

23.

The conduct of the Defendant was extreme and outrageous.

24.

Defendant acted in a manner that was in wanton or reckless disregard or with malice or willfulness to cause injury and violate constitutional rights.

25.

**COSTS AND ATTORNEY FEES**

Plaintiffs seek relief in the form of attorney's fees and cost pursuant to 42 USC § 1988 and punitive damages pursuant to 28 USC § 1983.

26.

**SECOND CLAIM FOR RELIEF**

**NEGLIGENCE**

In the alternative, the DEFENDANT knew or should have known that failure to keep unauthorized persons out of an inmate's cell and failure to protect the inmate could lead to serious personal injury.

27.

Plaintiff seeks relief under La. C.C. arts. 2315 of the Louisiana Civil Code, which

injuries were occasioned by the intentional and/or negligent acts and/or omissions of the Defendant(s) herein, and, in the alternative, for intentional infliction of emotional distress.

28.

## REQUEST FOR JURY TRIAL

Plaintiffs pray for a jury trial on all issues.

29.

## INJURIES

The Plaintiff suffered acute injury and multiple serious and prolonged injury which include but are not limited to his face and head, discomfort, humiliation, pain and suffering, mental and emotional injury, medical and pharmaceutical expenses.

Wherefore, Plaintiff prays that the Defendants be cited to appear and answer and that after resolution of this matter that this Honorable Court enter Judgment in favor of the Plaintiffs against the defendants with legal interest from the date of demand as follows:

a. Physical pain and suffering;

b. Property damage and loss;

c. Physical injuries;

d. For emotional and mental distress, pain and suffering, humiliation, embarrassment;

e. Medical, hospital and pharmaceutical bills and liens and services past, present, and future;

f. inconvenience;

g. Lost wages;

h. All litigation expenses;

I. For attorneys fees and for costs as may be allowable by law; and

j. For such other relief that the Court may deem just, equitable, or proper.

            Respectfully submitted:

            s/ Donna U. Grodner
            Donna U. Grodner (20840)

                                              GRODNER & ASSOCIATES
                                              2223 Quail Run, B-1
                                              Baton Rouge, Louisiana 70808
                                              (225) 769-1919 FAX (225) 769-1997
                                              Dgrodner@grodnerlaw.com